THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HUGO SANCHEZ RAMOS,**

    Petitioner

        v.

**UNITED STATES OF AMERICA**

    Respondent

Civil Case No. 14-1595 (PG)

## ORDER

Before the Court is the United States of America's "Motion to Dismiss Petitioner's Successive Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255." See Docket No. 5. For the reasons set forth herein, the motion is **GRANTED.**

### I.  Factual and Procedural Background

On March 27, 1996, Hugo Sanchez-Ramos ("Sanchez-Ramos" or "Petitioner") was charged, along with several other co-defendants, with taking by force and violence approximately $369,816.92 from the Banco Popular de Puerto Rico located at the Plaza Carolina Shopping Mall. See Docket No. 5 and Docket No. 12 of Crim. No. 96-0001. Count two charged Sanchez-Ramos and the other co-defendants with aiding and abetting each other in the carrying and use of firearms during and in relation to a crime of violence. Id. After pleading guilty to both counts, Petitioner was sentenced to a term of imprisonment of 300 months as to Count 1 and 60 months as to Count 2, to be served consecutively to each other. See Docket No. 440 of Crim. No. 96-0001.

On August 17, 1998, Sanchez-Ramos filed a Notice of Appeal. See Docket No. 442 of Crim. No. 96-0001. The Court of Appeals dismissed the action on February 4, 2002. See Docket No. 521 of Crim. No. 96-0001. Petitioner then filed a motion for reduction of his term of imprisonment based on the Supreme Court's ruling in U.S. v. Booker, 543 U.S. 220 (2005). See Docket No. 550 of Crim. No. 96-0001. The Court denied Sanchez-Ramos' *Booker* challenge. See Docket No. 551 of Crim. No. 96-0001.

Petitioner's first Motion to Vacate followed soon thereafter (the "First Motion to Vacate"). See Docket No. 554 of Crim. No. 96-0001 and Docket No. 1 of Civil No. 05-2268. On the First Motion to Vacate,

Sanchez-Ramos argued that his trial counsel had been ineffective. Id. He also alleged that his family's history of cancer left him depressed which, in turn, affected his "criminal conduct." Id. On March 6, 2006, Magistrate Justo Arenas entered a Report and Recommendation ("R&R") recommending that the motion to vacate be denied without evidentiary hearing. See Docket No. 9 of Civ. No. 05-2268. The court adopted and approved the R&R and entered judgment dismissing the case with prejudice. See Docket No. 11 of Civ. No. 05-2268.

On August 1, 2014, Petitioner filed his second pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Second Motion to Vacate"). See Docket No. 1. On September 8, 2014, the Government filed a Motion to Dismiss Successive Petition. See Docket No. 5.

In the motion, the Government argues that this Court lacks jurisdiction to entertain Petitioner's request because it is an unapproved successive petition within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Petitioner filed an opposition to the Government's Motion to Dismiss alleging that even though he has filed several § 2255 petitions, the one before this Court cannot be considered "successive" because the claims he now raises were not ripe at the time that the prior § 2255 petitions were filed. See Docket No. 9.

**II. Arguments**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The Government argues that because AEDPA precludes second or successive petitions for relief under § 2255, the Court should dismiss Petitioner's request. AEDPA imposes "substantial procedural restrictions on second or successive habeas petitions." Rainieri v. U.S., 233 F.3d 96, 99 (1st Ci. 2000). Of most relevance here, AEDPA provides that "[b]efore a second or successive application …. is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3)(A).

In that sense, the First Circuit has expressed: "a defendant usually gets only 'one complete round of collateral review" under § 2255.'" U.S. v. Sevilla-Oyola, 770 F.3d 1, 12 (1st Cir. 2014) (citations omitted). "Second or successive § 2255 motions are severely limited and require certification by the appropriate court of appeals." Id. (citing 28 U.S.C. § 2255(h)).

It is undisputed that Petitioner did not seek a certification from the First Circuit before filing the instant case. To surpass this jurisdictional hurdle, Sanchez-Ramos avers that his claims "could not have been raised in [his] prior proceeding," (Docket No. 9 at page 2), and thus should not be considered successive.

This Court is unconvinced. Not only was the *Booker* challenge raised previously but Petitioner has not put forth convincing arguments that support his construction of the statute. A review of the record leaves no doubt that Sanchez-Ramos' pending § 2255 motion is an impermissible successive petition that renders this court unable to entertain it.

**III. Conclusion**

For the reasons set forth herein the Motion to Dismiss Petitioner's Successive Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 13, 2015.

                                              S/ JUAN M. PÉREZ-GIMÉNEZ
                                              JUAN M. PÉREZ-GIMÉNEZ
                                              SENIOR U.S. DISTRICT JUDGE